IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DWAYNE EDDY BUCKNER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EASTERN OKLAHOMA DISTRICT** )<br>**COURT SEQUOYAH COUNTY,** )<br>)<br>Defendant. ) | **No. CIV 24-200-RAW-GLJ** |

**OPINION AND ORDER**

Plaintiff, a pretrial detainee who is incarcerated at the Sequoyah County Detention Center in Sallisaw, Oklahoma, has filed a second civil rights complaint pursuant to 42 U.S.C. § 1983, challenging his alleged wrongful imprisonment (Dkt. 1). *See Buckner v. Eastern Oklahoma District Court Sequoyah County*, No. CIV 24-166-RAW-JAR (E.D. Okla. June 4, 2024).[1]  He again raises a claim regarding his registration as a sex offender in Muskogee County District Court Case No. CF-2010-348, complaining he was imprisoned for failure to register as a sex offender in Muskogee County District Court Case No. CF-2010-432. *Id*. at 4.  He asserts he should have been removed from the sex offender registry in January 2010, and he repeats his previous request for monetary damages. *Id*. at 5.

**Screening/Dismissal Standards**

As explained in this Court's Opinion and Order in Case No. CIV 24-166-RAW-JAR , federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

---

[1] Case No. CIV 24-166-RAW-JAR was dismissed without prejudice pursuant to U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.

Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

As previously explained to Plaintiff in Case No. CIV 24-166-RAW-JAR, before he can be considered for compensatory damages for the alleged unconstitutional actions by the state courts, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

After careful review, the Court finds Plaintiff has not made a showing that his conviction or sentence was invalid. If, however, he wants to challenge his conviction or sentence, he may file a

3

proper petition for a writ of habeas corpus. Filing another civil rights complaint pursuant to 42 U.S.C. § 1983 is not appropriate. Forms for filing a proper petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are available from the Court Clerk.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 4) is DENIED as moot.

**IT IS SO ORDERED** this 12th day of July 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma